UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

*In re*: Kelly K. Huang,
Attorney at Law, Bar No. 10372

Case No. 2:21-cv-01195-MMD

ORDER OF SUSPENSION

## I.    SUMMARY

This is an attorney discipline matter. Before the Court is Kelly K. Huang's response to the Court's Order to Show Cause ("OSC") why he should not be suspended from practice before this Court following the Order Approving Conditional Guilty Plea Agreement filed by the Nevada Supreme Court ("NSC") on April 16, 2021. (ECF Nos. 1 (OSC), 4 (the "Response").) As further explained below, the Court will suspend Mr. Huang from practice before this Court because this Court has neither the obligation, resources, nor inclination to monitor Mr. Huang's compliance with the probationary conditions the NSC imposed on him. However, Mr. Huang may file a petition for reinstatement once he has fully discharged those conditions and can produce a certificate of good standing from the NSC reflecting the same.

## II.    BACKGROUND

Mr. Huang was suspended by the NSC following his conditional guilty plea to a charge that he violated several rules of professional conduct by "failing to promptly pay his clients' lienholders and by having a nonlawyer assistant advise a client and execute the retainer agreement with the client." (ECF No. 1 at 6.) While Mr. Huang's suspension was stayed, he is currently subject to several probationary conditions imposed by the NSC. (*Id.* at 7-8.) Until at least April 16, 2022, Mr. Huang must submit quarterly reports to the Nevada State Bar, obtain a mental health evaluation from a licensed mental health

1    provider, and complete the treatment recommended by that mental health professional.

2    (*Id.* at 7-8.)

3           This Court issued the OSC as to why Mr. Huang should not be suspended from

4    practice in this Court on May 24, 2021. (ECF No. 1.) Mr. Huang timely filed his Response

5    on June 23, 2021. (ECF No. 4.) In his Response, he argues that this Court should allow

6    him to continue practicing before it because he is still allowed to practice law before the

7    Nevada state courts, and he is currently complying with the probationary conditions the

8    NSC imposed on him. (*Id.* at 4.) He also argues that his suspension from practice by this

9    Court is unnecessary to protect the public. (*Id.* at 4-6.)

10   **III.    DISCUSSION**

11          This Court imposes reciprocal discipline on a member of its bar when that person

12   is suspended or otherwise disciplined by a state court unless it determines that the state's

13   disciplinary adjudication was improper. *See In re Kramer*, 282 F.3d 721, 724 (9th Cir.

14   2002). Specifically, the Court will only decline to impose reciprocal discipline if the

15   attorney subject to discipline presents clear and convincing evidence that:

16          (A) the procedure in the other jurisdiction was so lacking in notice or opportunity to
            be heard as to constitute a deprivation of due process; (B) there was such an
17          infirmity of proof establishing the misconduct as to give rise to a clear conviction
            that the court should not accept as final the other jurisdiction's conclusion(s) on
18          that subject; (C) imposition of like discipline would result in a grave injustice; or (D)
            other    substantial    reasons    justify    not    accepting    the    other    jurisdiction's
19          conclusion(s).

20   LR IA 11-7(e)(3); *see also In re Kramer*, 282 F.3d at 724-25 (stating that the attorney

21   bears the burden by clear and convincing evidence).

22          The Court will suspend Mr. Huang from practice before this Court because the

23   NSC's disciplinary adjudication regarding Mr. Huang following his conditional guilty plea

24   appears to have been proper, and he presents no clear and convincing evidence to the

25   contrary. Procedurally, Mr. Huang did not submit a certified copy of the entire record from

26   the NSC or present any argument as to why less than the entire record will suffice. *See*

27   LR IA 11-7(e)(3). Substantively, while Mr. Huang does appear to be allowed to practice

28   in the Nevada state courts, he is also subject to probationary conditions that this Court

1   has neither the obligation, resources, nor inclination to monitor. (ECF No. 1 at 7-8.) And

2   the Court sees no substantial reasons not to suspend Mr. Huang based on its review of

3   the record. *See* LR IA 11-7(e)(3). The Court will therefore suspend Mr. Huang.

4         That said, Mr. Huang is free to petition the Court for reinstatement under LR IA 11-

5   7(i) assuming he is able to successfully complete his term of probation with the NSC. Any

6   petition for reinstatement should not be filed until Mr. Huang has successfully discharged

7   each and every probationary condition imposed on him by the NSC, and he is able to

8   present both a certificate of good standing from the NSC and evidence sufficient to

9   establish that his practice in the Nevada state courts is fully unencumbered by any

10   probationary or other conditions stemming from his conditional guilty plea or any other

11   discipline imposed on him by the NSC.

12   **IV.   CONCLUSION**

13         It is therefore ordered that Kelly K. Huang, Bar No. 10372, is hereby suspended

14   from practice in the United States District Court for the District of Nevada.

15         DATED THIS 29th Day of July 2021.

16

17                                  _____

18                                  MIRANDA M. DU
                               CHIEF UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28